UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ROBERT ALEXANDER,            )
                             )
    Petitioner,               )
                             )
v.                           )  Case No. CV415-061
                             )
STATE OF GEORGIA,            )
                             )
    Respondent.               )

## REPORT AND RECOMMENDATION

Presuming familiarity with the Court's prior Order, doc. 3, the undersigned recommends that the Court grant the State's Motion to Dismiss Robert Alexander's 28 U.S.C. § 2254 petition, masquerading here as a "Motion Under All Writs Act."[1] Doc. 1. Petitioner does not dispute that his 1979 conviction was "final" when 28 U.S.C. §

---

[1] No warning is needed under *Castro v. United States*, 540 U.S. 375, 383, (2003) (addressing the recharacterization of pleadings into motions under 28 U.S.C. § 2255), because the Court would not be reaching his petition on the merits, only on procedural grounds. *See Jones v. O'Neal*, 2012 WL 6084650 at *1 (S.D. Ga. Dec. 6, 2012) (no *Castro* warning needed since petitioner had failed to exhaust state remedies, thus warranting dismissal without prejudice).

2244(d)(1)(A)'s one-year limitation period went into effect in April 1996.[2]
He did not pursue a direct appeal from that guilty-plea conviction. To stop the one-year clock he filed no state collateral attack within

---

[2] Under 28 U.S.C. § 2244(d)(1), and *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998), he had until April 24, 1997 to file his § 2254 petition. *Smith v. Jones*, 2015 WL 521067 at * 4 (N.D. Fla. Feb. 9, 2015). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "[A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at *1.

Finally, petitioners must be diligent in discovering reasonably discoverable, clock-resetting facts, and diligent in acting upon them. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), cited in *Reese v. United States*, 2012 WL 70680 at * 3 (S.D. Ga. Jan. 9, 2012). Reasonable, not maximum, diligence is required. *Aron*, 291 F.3d at 712. And the inquiry must take into account the movant's confinement conditions -- the "reality of the prison system." *Id.* (quotes and cite omitted).

2

2244(d)(1)(A)'s "grace period" (*i.e.*, between April 24, 1996 and April 24, 1997). *Moore v. Campbell*, 344 F.3d 1313, 1319–20 (11th Cir. 2003). Nor has he been granted an out-of-time appeal or any other clock-restarting relief. Other than pursue a state-law (mailbox rule) error explained *infra*, Alexander does not dispute that his petition is untimely.

The State also contends that when Alexander filed the instant petition he was not in custody, within the meaning of 28 U.S.C. § 2241, on his 1979 conviction and sentence. Doc. 4-1 at 6-11. This Court cannot entertain a habeas action unless a petitioner is:

> "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490–92, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). The Supreme Court has interpreted § 2241 as requiring a habeas petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2241, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him "in custody." *Maleng*, 490 U.S. at 492, 109 S.Ct. at 1926. [So if a petitioner] is no longer in custody for purposes of federal habeas relief, his claim fails. *See Maleng*, 490 U.S. at 492, 109 S.Ct. at 1926; *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1560.

*Llovera v. Florida*, 576 F. App'x. 894, 897 (11th Cir. 2014); *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Baptiste v. Whiddon*, 2015 WL 997819 at * 3 (M.D. Fla. Mar. 5, 2015) ("Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot.").

Alexander, in response to the State's dismissal motion, *concedes* that "[t]he relief Alexander seeks is not cognizable under [§] 2254 because Alexander is no longer in state custody under the conviction." Doc. 6 at 4. Nevertheless, because he labels his § 2254 petition a "writ" under 28 U.S.C. §1651, doc. 6 at 2, he wants this Court to basically overrule the state courts' denial, under *state law*, of his motion for an out-of-time appeal in that court system. *Id.* at 4-7 (asking this Court to import the federal "mailbox rule," governing when a petitioner is deemed to have mailed a petition from prison, into the state courts' determination that he missed a filing deadline in pursuing his out-of-time-appeal there); *see also* doc. 4-1 at 2-3. That, he impliedly argues, would re-start the federal limitations clock. Doc. 6 at 4-7.

Alexander in effect asks this Court to import federal standards into his state habeas proceedings and then somehow grant him the late appeal that he bungled in the state court system. Setting aside for the moment that federal habeas courts do no reach state law violations unless they "give rise to a violation of the United States Constitution or federal law otherwise," *Nichols v. Davenport*, 2014 WL 1042847 at *3 (N.D. Ala. Mar. 17, 2014),[3] no custody means *no*

---

[3] As another court explains:

> Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations and citations omitted)); *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir.1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir.1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

*Donson v. Jones*, 2015 WL 1524507 at * 2 (N.D. Fla. Apr. 3, 2015).

jurisdiction to act. So even if this Court could imagine a way to review the state habeas courts' determination, it would still lack jurisdiction to do so in any event.

Hence, the State's motion to dismiss (doc. 4) should be **GRANTED** and Alexander's § 2254 petition should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 11th day of May 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA